IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA RAE JOHNSON                                                                                         PLAINTIFF

v.                             Civil No. 3:21-cv-03072-TLB-MEF

NURSE JODIE LYNN WOODS,
Boone County Detention Center                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on a Motion to Dismiss (ECF No. 20) filed by Defendant.

### I.     DISCUSSION

On May 2, 2022, the Defendant filed a Motion to Compel (ECF No. 16). Plaintiff did not respond to the Motion to Compel. The Motion was granted by Order (ECF No. 18) entered on May 23, 2022. Plaintiff was ordered to provide the Defendant with responses to discovery by June 13, 2022. Defendant was advised to file a motion to dismiss if Plaintiff did not comply with the Order.

On June 14, 2022, Defendants filed a Motion to Dismiss (ECF No. 20). In the Motion, Defendant states that Plaintiff has failed to provide the discovery responses. Plaintiff did not seek an extension of time to provide the discovery responses. An Order (ECF No. 21) entered on June 14, 2022, directed Plaintiff to respond to the Motion to Dismiss by June 28, 2022. Although

Plaintiff filed a Supplement (ECF No. 22) and a second Motion to Appoint Counsel (ECF No. 23), she has not responded to the Motion to Dismiss. She has not sought an extension of time to respond to the Motion to Dismiss. Further, Plaintiff has not complied with the Order (ECF No. 18) directing her to provide Defendant with discovery responses.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is recommended that Defendant's Motion to Dismiss (ECF No. 20) be **GRANTED and this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of July 2022.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

[3]